**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | CRIMINAL ACTION NO 4:21-CR-00575-1 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| HERIBERTO LATIGO, Defendant. | § § | |

**MINUTE ENTRY AND ORDER**

Minute entry for proceedings before Judge Charles Eskridge on December 5, 2022. DETENTION HEARING. Defendant Heriberto Latigo represented by counsel.

The Court was advised *ex parte* prior to hearing that Defendant wished to testify or make a statement during the detention hearing against advice of counsel. Counsel stated he would not be calling Defendant to testify. Decision was RESERVED to the hearing to consider after all other evidence and testimony was submitted.

The Court addressed the opposed motion by Defendant Heriberto Latigo for revocation of detention order and release on bond pending trial. Dkt 81.

Witness testimony heard from Christopher Petrosky, special agent for the Federal Bureau of Investigation. Further proffer made by Defendant without objection. Closing arguments heard.

Request by Defendant to testify against the advice of counsel was DENIED for reasons stated on the record. In particular, Defendant is at present represented by counsel, who declined to call Defendant.

The motion for revocation of detention order was DENIED for reasons stated on the record. In particular, the

four factors identified in Section 3142(g) of Title 18 to the United States Code favor continued pre-trial detention.

The Government adequately established that Defendant would pose a danger to the community or particular individuals absent detention and that no combination of bond conditions could protect against such danger, including, but not limited to, the following:

*First,* the nature and circumstances of the offense include a further charge of stalking and/or harassing a victim whom Defendant was previously convicted of stalking. The record includes evidence showing that the victim has suffered severe emotional distress as a result of Defendant's conduct, which involved current charges of substantial planning done in conjunction with Defendant's mother and girlfriend. Prior action against him has not deterred this conduct.

*Second,* the weight of the evidence is substantial, including texts, receipts, and webpages.

*Third,* the history and characteristics of the person establish that Defendant is physically imposing, being a former Marine and former MMA fighter with a history of physical and emotional aggression directed towards women, including the victim in this case. As to his former wife, a divorce court has entered an order barring Defendant from contacting his children. Before being detained, Defendant was underemployed considering the two graduate degrees he has obtained.

*Fourth,* the nature and seriousness of the danger to any person or the community isn't limited to the conduct prompting indictment in this case. Evidence presented at hearing as well as detention orders entered by Judges Johnson and Hoyt in the prior case indicate that Defendant poses a continued danger to the victim and others. A search warrant executed in the prior case uncovered weapons in Defendant's home. Defendant also violated the terms of his supervised release in the prior case.

Neither party addressed Defendant's flight risk in detail. But Defendant faces a potentially significant prison

term if convicted and thus has incentive to flee. He has also previously removed to Mexico with his children against a civil court order.

SO ORDERED.

Signed on December 5, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge