United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:21-cr-575-1** |
| | § | |
| **HERIBERTO LATIGO,** | § | |
| | § | |
| **Defendant.** | § | |

**ORDER AND RECOMMENDATION**

Pending before the Court is *pro se* Defendant Heriberto Latigo's ("Defendant") Motion to Modify Separation Order (ECF No. 217), Motion to Unseal Documents and for Certified Copies (ECF No. 221), Motion to Reverse Protective Order (ECF No. 225), Motions for Rule 17 Subpoenas (ECF Nos. 226–229, 249, 250), Motion for Sanctions (ECF No. 235), Motion for Issuance of Injunction (ECF No. 239), Motion to Show Cause (ECF No. 243), and Motions to Compel Government for *Brady*/*Giglio* Material (ECF Nos. 246, 248).

The Court reviewed the aforementioned filings and held a discovery hearing on September 25, 2025. (*See* ECF No. 251). Consistent with the September 25, 2025 hearing, the Court makes the following discovery rulings:

- The Court **GRANTS** Defendant's request to modify the Separation Order as to his co-defendant/mother, Maria D. Lucio, so that they may communicate with each other. (ECF No. 217). The Government stated it filed a separate motion to dismiss the cases against

Defendant's co-defendants[1] and did not object to modifying the order, as reflected on the record.

- The Court **GRANTS IN PART** Defendant's request for certified copies of documents filed at ECF Nos. 49, 177, 200. (ECF No. 221). The Clerk is **ORDERED** to provide certified copies of documents at ECF Nos. 49, 177 and 200 to Defendant. In addition, Defendant requests multiple documents be unsealed. However, given the District Judge's Order to seal all documents filed by the Defendants (ECF No. 54), the Court **ORDERS** that copies of the requested documents (ECF Nos. 42, 47–51, 53, 55, 64, 103–04, 108, 110, 112, 114–117, 122, 127, 129, 147, 152, 154, 168, 177, 187, 190, 193, 200) be provided to Defendant so that he may narrow his request as to which documents he desires unsealed and why. All further relief is denied.

- Further, the Court **DENIES** Defendant's request to compel the state district court in Ft. Bend County to unseal a state court civil case, at 13-DCV-210640. (ECF No. 221). Any such action must be addressed by the state court. "[T]he Court agrees with similar decisions in sister circuits and finds that principles of federalism, comity, and full faith and credit presently require abstention" from such action. *United States ex rel. Frey v. Health Mgmt. Sys., Inc.*, 644 F.Supp.3d 337, 341 (N.D. Tex. 2022) (citing *Camiolo v. State Farm Fire & Cas. Co.*, 334 F.3d 345, 357 (3d Cir. 2003); *Socialist Workers Party v. Grubisic*, 619 F.2d 641, 644 (7th Cir. 1980)). Notions of comity between state and federal courts require Plaintiff to seek unsealing in state court. *Id.*

- The Court **DENIES** Defendant's request to vacate the protective order regarding discovery and entered at ECF No. 216, as the order was entered by the District Judge and intended to safeguard victim information. (ECF No. 225). To the extent Defendant faces logistical issues in accessing discovery materials at the Federal Detention Center, the Court notes the Government and standby defense counsel will coordinate with the detention center to ensure Defendant has adequate access to discovery. Defendant may move to modify the

[1] *See* ECF No. 254 at 5 (Government "asks that the cases against his co-defendants be dismissed."). A separate motion to dismiss is pending before the District Judge. (ECF No. 255).

protective order at a later time to address access to discovery, and if so, the parties may file a joint amended protective order.

- The Court **DENIES AS MOOT WITHOUT PREJUDICE** Defendant's request to subpoena information regarding S.L. (ECF No. 226), as Defendant moved to withdraw the motion with the option to refile at a later time.

- The Court **DENIES** Defendant's request to subpoena information regarding D.S. (ECF No. 227) for lack of relevance and specificity as stated on the record. *See United States v. Stanford*, No. 9-cr-342, 2011 WL 13202537, at *2 (S.D. Tex. Sept. 2, 2011) ("The party seeking access to materials under a Rule 17(c) subpoena bears the burden of showing the subpoenaed document: (1) is relevant; (2) is admissible; and (3) has been requested with adequate specificity. The documents must have 'real relevance to the particular counts for which [the defendant] was charged.' Admissibility requires a movant to make a sufficient preliminary showing that the requested material contains evidence admissible with respect to the offenses charged in the indictment.") (internal citations omitted). Defendant's request for all communications between D.S. and multiple parties is overbroad and, he has failed to show how they are relevant and admissible. As such, his request is denied.

- The Court **DENIES** Defendant's request to subpoena information regarding M.L.W. (ECF No. 228) for lack of relevance and specificity as stated on the record. *See Stanford*, No. 9-cr-34, 2011 WL 13202537. Defendant's request for all communications between M.L.W. and multiple parties concerning multiple topics is overbroad, and he has failed to show how they are relevant and admissible. As such, his request is denied.

- The Court **GRANTS IN PART** Defendant's request for AT&T phone records (ECF No. 229) between M.L.W. and Defendant's former criminal case agent, Christopher Petrowski, from January 1, 2018, to the present, and to the extent the records can be narrowed as to only the two individuals and their respective phone numbers. The Court notes Defendant's standby counsel will procure the subpoena. All further relief is denied.

- The Court **DENIES AS MOOT** Defendant's request for sanctions. (ECF No. 235). At the September 25, 2025 hearing, the Government did not oppose dismissing Defendant's co-defendants; accordingly, Defendant withdrew his motion.

- The Court **RECOMMENDS** Defendant's request for a temporary injunction "to prevent Sherri Zack, Christopher Petrowski, and [the lead Assistant United States Attorney] from further tampering with witnesses, [including M.L.W.,] whether by intimidation, threat, or corrupt persuasion" be **DENIED**. (ECF No. 239 at 1). The Government denies that any such conduct has occurred and affirms not to engage in any such conduct in the prosecution of this case. The Court finds Defendant has not demonstrated that an injunction is necessary, and the Court will not issue an overbroad ad hoc injunction under the All Writs Act to prevent the parties from appropriate communications given the Government's representation. Injunctive relief under the All Writs Act is to be used only sparingly and only in the most critical and exigent circumstances. *Brown v. Gilmore*, 533 U.S. 1301, 1303 (2001). As the Government advised it will not engage in such conduct, the Court finds such injunctive relief inappropriate at this time.

- The Court **DENIES** Defendant's request for the Government to show cause as to why it should not be held in contempt for failure to respond to Defendant's pending motions. (ECF No. 243). Although Defendant argues the Government violated the briefing order by failing to respond, the District Court's recent Scheduling Order continued the motions deadline to November 25, 2025, and set trial for December 8, 2025. (*See* ECF No. 241). Further, the Court did not issue an order requiring the Government to respond to Defendant's motions. Accordingly, the Court exercises its discretion in denying sanctions against the Government; however, the Government is directed to submit a response to any forthcoming motions. *See Campbell v. Barr*, No. 4:20-cv-638, 2021 WL 1567892, at *2 (N.D. Tex. Apr. 21, 2021) (finding court had discretion to decide whether the imposition of sanctions against attorney was necessary to regulate practice in the court consistent with the Local Rules pursuant to Fed. R. Civ. P. 83); *Prudhomme v. Teneco Oil Co.*, 955 F.2d 390, 392 (5th

Cir. 1992) (recognizing that district courts have broad discretion to manage their dockets); *see also United States v. Perez*, No. 6:17-cr-35(S), 2017 WL 4682321, at *4 (S.D. Tex. Oct. 18, 2017) (exercising discretion to deny motion to hold United States Attorney in contempt pursuant to 18 U.S.C. § 401*,* for alleged "misbehavior" in issuing a media advisory and in holding a press conference at the courthouse).

- The Court **GRANTS IN PART** Defendant's request to compel the Government to abide by its duty under *Brady/Giglio* to produce all incriminating evidence and **DENIES IN PART** Defendant's request to the extent he requests material outside that duty or material the Government does not have. (ECF Nos. 246, 248).[2] As discussed at the September 25, 2025 hearing, Defendant's request is based on evidence he claims does not exist, and thus, the Government cannot produce evidence that it does not possess. The Government acknowledged it has complied with its *Brady/Giglio* obligations and will continue to do so. All further relief is denied. *See United States v. Neff*, No. 3:11-cr-152, 2012 WL 6619385, at *1 (N.D. Tex. Dec. 18, 2012); *United States v. Robinson*, No. 3:05-cr-62, 2006 WL 468298, at *1 (N.D. Tex. Feb. 28, 2006).

- The Court **DENIES AS MOOT** as Defendant withdraws his request to subpoena all communications from a Ft. Bend County State Court Judge that related to his prior civil case (ECF No. 249).

- The Court **GRANTS IN PART** Defendant's Rule 17 subpoena request for unredacted transcripts from the state court case, 13-DCV-210640, in the 505th District Court, Ft. Bend County, Texas, to the extent it relates to Christopher Petrowski's sworn testimony about issues in his current criminal case. (ECF No. 250). The Government, noting Petrowski will likely be called as a witness at Defendant's trial, agrees that Defendant is entitled to his prior relevant sworn testimony. The Court **ORDERS** standby counsel to subpoena the court reporter for that transcript along with an affidavit certifying as to their authenticity. All further relief is denied.

[2] Defendant's motion docketed at ECF No. 248 is a duplicate of ECF No. 246. As such, both motions are granted in part and denied in part.

Accordingly, the Court **GRANTS** the Motion to Modify Separation Order (ECF No. 217), **GRANTS IN PART** and **DENIES IN PART** the Motion to Unseal Documents and for Certified Copies (ECF No. 221), **DENIES** the Motion to Rescind Protective Order (ECF No. 225), **DENIES AS MOOT WITHOUT PREJUDICE** the Motion to Subpoena (ECF No. 226), **DENIES** the Motions to Subpoena (ECF Nos. 227, 228), **GRANTS IN PART** the Motion to Subpoena (ECF No. 229), **DENIES AS MOOT** the Motion for Sanctions (ECF No. 235), **DENIES** the Motion to Show Cause (ECF No. 243), **GRANTS IN PART** and **DENIES IN PART** the Motions to Compel Government for *Brady*/*Giglio* Material (ECF Nos. 246, 248), **DENIES AS MOOT** the Motion to Subpoena (ECF No. 249), and **GRANTS IN PART** the Motion to Subpoena (ECF No. 250). The Court also **RECOMMENDS** the Motion for Issuance of Injunction (ECF. No. 239) be **DENIED**.

The Clerk shall send copies of this Order and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections, **solely with respect to ECF No. 239**, thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

It is **SO ORDERED**.

**SIGNED** on September 29, 2025, at Houston, Texas.

Richard W. Bennett
United States Magistrate Judge